# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NELSON R. SANTANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-300 (RJL) |
| ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

The Department of Justice, the defendant in this action brought under the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA"), has filed a motion to dismiss or in the alternative for summary judgment. The *pro se* plaintiff opposes the motion. Because the agency declaration does not provide the information necessary to allow this Court to conduct the required *de novo* determination of this dispute, *see* 5 U.S.C. § 552(a)(4)(B), the defendant's motion will be denied without prejudice, and the defendant will be instructed to renew its motion within 30 days.

In response to the plaintiff's single FOIA request, the defendant opened two distinct FOIA searches identified as Nos. 07-158 and 07-159. The defendant explains that the second FOIA search, No. 07-159, was opened "to address that part of plaintiff's request seeking nonpublic records for named third-party Nickerson, such as telephone billing records." Def.'s Mot. to Dismiss or for Summ. J. ("Def.'s Mot."), Stmt.of Material Facts as to Which There is No Genuine Issue ("SMUF") ¶ 2; *see also id.,* Def.'s Mot., Declaration of John F. Boseker (July 15, 2009) ("Bosecker Decl.") ¶ 11. The defendant then "categorically denied access" to information involving Nickerson, "absent express authorization and consent of the third-party." Bosecker

Decl. ¶ 12 & Ex. E. However, the defendant subsequently responded to the plaintiff regarding the other search, No. 07-158, and stated "that there are no records for your specific requests" regarding

> Nickerson's telephone billing records/pen register for cell phone from 2/1/01-5/20/01
>
> Digital surveillance images of 5/9/01
>
> Tapes and DVD of surveillance
>
> Call chart for March, April and May 2001.

¶ 9 and Ex. D. These four requested categories of information all expressly or impliedly seek nonpublic records for named third-party Nickerson. The agency declaration does not specifically identify what information was the subject of No. 07-158 and what information was the subject of No. 07-159. Furthermore, the declaration does not contain a description of any search in response to the plaintiff's FOIA request.

"When assessing a motion for summary judgment under FOIA, the Court shall determine the matter *de novo*." *Judicial Watch, Inc. v. Dep't of State*, 650 F. Supp. 2d 28, 32 (D.D.C. 2009). An agency is entitled to summary judgment in a FOIA suit once it demonstrates that no material facts are in dispute and that it conducted a search of records in its custody or control, *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150-51 (1980), that was reasonably calculated to uncover all requested information, *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt from disclosure, *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001).

On this record, the Court cannot determine what parts of the plaintiff's FOIA request were allocated to each of the two searches opened by the defendant, and therefore, cannot assess the agency's responses in light of the subject matter to which the responses relate. Furthermore, the Court cannot determine either the scope and method of the search conducted in relation to No. 07-158, or whether a search was conducted at all in response to No. 07-159. Without a declaration that explains in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search, *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982), including identifying which systems of records were searched and the search terms used to conduct the search, the Court cannot assess the reasonableness of any search. In short, the Court cannot begin to conduct its *de novo* review on the basis of the record now before it. Accordingly, it is hereby,

ORDERED that the defendant's motion to dismiss or for summary judgment is DENIED without prejudice, and the defendant is directed to submit a renewed dispositive motion within 30 days of the date of this order.

Date:
3/18/10

RICHARD J. LEON
United States District Judge