UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 1 3 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

NELSON R. SANTANA,

   Plaintiff, *pro se*,

   v.

DEPARTMENT OF JUSTICE,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 09-300 (RJL)

## MEMORANDUM OPINION
(December /0, 2011) [#22]

Plaintiff Nelson R. Santana ("plaintiff") brings this *pro se* action against the

Department of Justice ("DOJ" or "defendant"), seeking judicial review of the denial of

his request for certain records under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552 (2006). Plaintiff seeks material to challenge collaterally the conviction that

resulted in his imprisonment. Before this Court is defendant's Renewed Motion for

Summary Judgment. After due consideration of the parties' pleadings, the relevant law,

and the entire record herein, defendant's motion is GRANTED.

## BACKGROUND

In September of 2002, plaintiff was convicted of conspiring to distribute and to

possess with intent to distribute between one-half and five kilograms of cocaine. *United

States v. Santana,* 342 F.3d 60, 63-64 (1st Cir. 2003). Plaintiff is currently serving a 121-

month sentence at the Adams County Correctional Center in Mississippi. 342 F.3d at 64;

Notice of Change of Address 1, Aug. 19, 2009 [Dkt. # 16].

1

On January 26, 2007, the Executive Office of the United States Attorneys ("EOUSA") received a letter from plaintiff seeking certain records related to his criminal conviction. 2nd Boseker Decl., Ex. A, FOIA/Privacy Act Request 8-9 [Dkt. #22-1]. In that letter, plaintiff specifically requested the following documents: a pretrial motion hearing transcript, telephone billing records and a pen register for the cellular telephone of a government informant who testified at Santana's trial, certain digital surveillance images and any recordings of that surveillance, a call chart, and certain trial transcripts. *Id.* The EOUSA interpreted this letter as requesting records relating to Santana himself and both public records and non-public records relating to third parties. *Id.* ¶ 7-8, Exs. B, E. Per EOUSA policy, the EOUSA then created two FOIA files, FOIA Nos. 07-158 and 07-159, to respond separately to the requests for public and non-public records. *Id.* In a January 31, 2007 letter, the EOUSA notified Santana that it had denied the "non-public" portion of his request, No. 07-159, since he had requested information about third parties without their authorization and consent, citing FOIA exemptions 6 and 7(C). 2nd Boseker Decl. ¶ 8, Ex. E.[1] The EOUSA then proceeded to respond to the remaining part of plaintiff's request. 2nd Boseker Decl. ¶ 9.

The EOUSA forwarded plaintiff's original FOIA letter to the United States Attorney's Office for the District of New Hampshire ("USAO-NH"), the office which had prosecuted him, to search for responsive documents. 2nd Boseker Decl. ¶ 9,

---

[1]    Santana appealed this denial to the U.S. Department of Justice, Office of Information and Privacy ("OIP"), and the OIP subsequently affirmed the EOUSA's denial, citing FOIA exemption 7(C). 2nd Boseker Decl. ¶¶ 12 – 15, Exs. E, H.

Prindiville Decl. ¶¶ 2-4 [Dkt. #22-2]. However, the EOUSA did not relay that it had

divided the request into two separate case files, and so the USAO-NH employee assigned

to the matter searched for *all* the documents listed in plaintiff's original FOIA letter.

Prindiville Decl. ¶ 9. To identify responsive documents, that employee performed the

following steps: (1) retrieved plaintiff's case file from the Federal Records Center,[2] (2)

reviewed that entire file for responsive records, (3) e-mailed the entire USAO-NH staff

requesting any and all records relating to plaintiff, and (4) searched for the keyword

"Santana" on the United States Attorney's Office's digital, case-management database.

*Id.* ¶¶ 2, 4-6.

Unfortunately, the employee was unable to locate every document requested by

plaintiff. *Id.* ¶ 6. Although the employee found the transcripts, she was unable to find

certain documents—namely, the telephone and surveillance records. *Id.* ¶ 6. In fact, she

was unable to locate any other records related to the plaintiff or his case except his

criminal case file, which had been purged before it was archived, and some

nonresponsive financial records. *Id.* ¶ 5-6. On March 20, 2008, the EOUSA released the

identified transcripts to plaintiff and notified him that the telephone and surveillance

records were not located. 2nd Boseker Decl. ¶ 10, Ex. D.[3]

---

[2]    According to the declaration of the employee assigned to plaintiff's FOIA request, who also has been employed at the USAO-NH since 1985, the USAO-NH retains case files for one year after the files are closed. Prindiville Decl. ¶ 4. Then, the files are purged of non-essential materials and shipped to the Federal Records Center for preservation. *Id.*

[3]    On June 18, 2009, the EOUSA forwarded to the USAO-NH another FOIA request from plaintiff, FOIA No. 08-1642, in which he specifically identified trial exhibit

In August of 2008, plaintiff filed this lawsuit, alleging that the EOUSA's denial of

his FOIA request was flawed because the records he requested were trial exhibits and

therefore public records. *See* Pl.'s Mot. for Relief 8-11 [Dkt. #1-1].[4]  On May 6, 2010,

defendant filed its Renewed Motion for Summary Judgment, arguing that it is entitled to

judgment as a matter of law because plaintiff has in fact received all located records

responsive to his FOIA request and the defendant has not withheld any records. Def.'s

Renewed Mot. Summ. J. 1 [Dkt. #22]; Mem. P&A Supp. Def.'s Renewed Mot. Summ. J.

4.[5]  For all the reasons set forth below, this Court agrees with the defendant and,

therefore, GRANTS its motion for summary judgment.

## STANDARD OF REVIEW

"When assessing a motion for summary judgment under FOIA, the Court shall

determine the matter *de novo*." *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 598

F. Supp. 2d 93, 95 (D.D.C. 2009) (citing 5 U.S.C. § 552(a)(4)(B)). Summary judgment is

appropriate "if the movant shows that there is no genuine dispute as to any material fact

---

numbers of the telephone records, surveillance records, and telephone chart.  Prindiville
Decl. ¶¶ 10-11.   Again, the office was unable to locate these records. *Id.* ¶¶ 10-12.

[4]     Plaintiff first filed this suit in the Western District of Louisiana, but that court
transferred the case to this Court on February 17, 2009.  Judgment [Dkt. #1].  In his
original pleadings, plaintiff did not clearly distinguish between the two separate FOIA
cases opened by the EOUSA, but he has since clarified that he is contesting only the
EOUSA's denial in FOIA No. 07-159.  Pl.'s Response to Def.'s Mot. Dismiss 1-2 [Dkt.
#13].

[5]     Defendant filed a motion to dismiss or, in the alternative, for summary judgment
on July 16, 2009 [Dkt. #11], but this Court denied that motion without prejudice and
directed defendant to re-file its motion with sufficient information for this Court to
conduct its review.  Order, Mar. 18, 2010 [Dkt. #19].

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Therefore, the movant bears the burden, and the court will draw "all justifiable

inferences" in the favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 255 (1986) (citation omitted). Nevertheless, the non-moving party "may not

rest upon the mere allegations or denials of his pleading, but . . . must set forth specific

facts showing that there is a genuine issue for trial." *Id.* at 248 (internal quotations

omitted). Factual assertions in the movant's affidavits may be accepted as true unless the

opposing party submits its own affidavits, declarations, or documentary evidence to the

contrary. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, an agency must "demonstrate beyond material doubt that its

search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena

v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal citation and quotation

omitted). To meet its burden, the agency may submit affidavits or declarations that

explain in reasonable detail the scope and method of the agency's search, which, in the

absence of contrary evidence, suffice to demonstrate an agency's FOIA compliance. *See

Perry v. Block*, 684 F.2d 121, 126-27 (D.C. Cir. 1982) (per curiam). Such affidavits or

declarations are accorded "a presumption of good faith, which cannot be rebutted by

purely speculative claims about the existence and discoverability of other documents."

*SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotations

and citation omitted).

## ANALYSIS

### I.  *Defendant has not withheld any documents from plaintiff.*

Summary judgment must, and will, be granted in favor of defendant in this case because the defendant has not actually withheld any records and therefore this Court is without jurisdiction to afford plaintiff any remedy. *See* 5 U.S.C. 552(a)(4)(B)("[T]he district court of the United States... in the District of Columbia, has jurisdiction to enjoin the agency from *withholding* agency records and to order the production of any agency records *improperly withheld* from the complainant.")(emphasis added). Unfortunately, plaintiff mistakenly focuses on the EOUSA's initial, January 31, 2007 denial of his request for the telephone and surveillance records and the OIP's October 31, 2007 affirmance of this denial. *See* Pl.'s Mot. Relief 1-4; Pl.'s Reply District Ct.'s Mem. Order, Factual Statements 1-2; Pl.'s Resp. Def.'s Mot. Summ. J. ("Pl.'s Resp.") 2-3; *see also* 2nd Boseker Decl. Exs. F, H.[6] Yet, as made clear by the declaration of the USAO-NH paralegal specialist assigned to plaintiff's FOIA request, the USAO-NH nevertheless diligently searched for these documents but was unable to locate them. The plaintiff's case file had been purged before it was archived. By the time plaintiff submitted his FOIA request, the government, just as it advised plaintiff in its March 20, 2008 letter, simply no longer possessed these documents. 2nd Boseker Decl. Ex. D. Accordingly,

---

[6]    Santana also claims that the EOUSA should have "construed his request more broadly" and that his "enumeration of specific items does not limit his initial request." Pl.'s Mot. for Relief 2-3 [Dkt. #1-1]. But, plaintiff explains neither what other documents he wishes the EOUSA would have provided nor how the EOUSA's interpretation of his specific requests was unreasonable.

the government did not withhold them from the plaintiff.[7]

*II.     Defendant adequately searched for plaintiff's requested documents.*

Although plaintiff does not specifically argue that the defendant's searches were

inadequate, plaintiff does state that "the defendant is once attempting to mislead the

Court by claiming that the no record were ultimately located [sic]." Pl.'s Resp. 2.

Because plaintiff is proceeding *pro se*, however, the Court will construe his complaint

liberally and treat his statement as a general challenge to the adequacy of USAO-NH's

searches. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Unfortunately, doing so does

not transform the plaintiff's case into a meritorious one. How so?

"In order to obtain summary judgment the agency must show that it made a good

faith effort to conduct a search for the requested records, using methods which can be

reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the*

*Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (citations omitted). But, an agency need not

search every records system so long as it conducts "a reasonable search tailored to the

---

[7]     Plaintiff and the government make much hay about whether the requested
documents were public records and therefore should have been produced. *See generally*
Pl.'s Mot. Relief; Pl.'s Reply to D. Ct's Mem. Order, Factual Statements 1-2; Pl.'s
Response to Def.'s Mot. Summ. J. 1-3; Def.'s Mem. Supp. Renewed Mot. Summ. J 12-
16. Essentially, plaintiff contends that the government should have disclosed the
telephone records, surveillance images and DVDs, and telephone records charts because
they were used as prosecution exhibits at his trial and therefore became public records.
While public disclosure of documents at trial would likely preclude assertion of the FOIA
exemption, the plaintiff bears the initial burden of demonstrating that the requested
information matches the previously disclosed information and was made public. *See*
*Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999); *see also Fitzgibbon v. CIA*, 911
F.2d 755, 765 (D.C. Cir. 1990). Because it is unnecessary, and indeed impracticable with
the available information, to determine whether the requested information was made
public, I need not engage in this analysis.

nature of a particular request." *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). Indeed, "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citation omitted); *see also Hornbostel v. U.S. Dep't of the Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003).

Plaintiff here has failed to offer *any* evidence beyond his own speculation and self-serving statements to overcome the adequate agency affidavits before this Court. *See Iturralde*, 315 F.3d at 315. At most, his claims that the defendant is "attempting to mislead the court" amount to an indirect challenge to the adequacy of the USAO-NH's search based on the search results. *See* Pl.'s Resp. 2. The search's futility, however, is not determinative of the search's adequacy. *Ituralde*, 315 F.3d at 315.

The defendant has submitted affidavits which adequately detail its efforts to search for responsive documents and demonstrates its compliance with FOIA. In particular, the EOUSA has filed the declaration of the USAO-NH employee that was directly responsible for searching for and identifying documents responsive to plaintiff's FOIA request. Prindiville Decl. ¶¶ 1-2. That employee explained in her declaration that she recalled plaintiff's case file from the off-site, Federal Records Center, because "case files are purged of non-essential material and... shipped ... for storage one year after they are closed." *Id.* ¶ 4. After retrieving the case file, she conducted a "page-by-page review of the entire file," but was unable to locate any requested documents besides the transcript pages. *Id.* ¶ 6. Further, she explained that she contacted the entire USAO-NH staff and

8

searched the USAO's digital case-management system to identify any additional, potentially responsive documents. *Id.* ¶ 5. Most importantly, she admitted that she was unaware that the EOUSA had divided plaintiff's FOIA request into two parts, and so she searched for *all the documents* listed in his request. *Id.* ¶ 9. Specifically, she stated:

> I recently learned that No. 07-159 was opened to address the request for billing records, surveillance records and call chart. *I had searched for those records*, and responded to the [FOIA and Privacy Act staff] about their *non-existence*, in response to Request No. 07-158.

*Id.* ¶ 9 (emphasis added).

Although it is unfortunate that the records plaintiff seeks are no longer within the government's possession, FOIA does not provide a remedy in such situations. In sum, the defendant conducted a more than adequate search that complied fully with FOIA's requirements. Plaintiff, thus, has no basis for relief.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's Renewed Motion for Summary Judgment [#22]. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge